UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

STEVEN MABLE, *et al.*,  : CIVIL NO: 3:10-CV-01214
       Plaintiffs :
        : (Judge Caputo)
   v. :
        : (Magistrate Judge Smyser)
JEFFREY A. BEARD, *et al.*, :
       Defendants :

**REPORT AND RECOMMENDATION**

I. Background and Procedural History.

On June 8, 2010, thirteen prisoners proceeding *pro se* commenced this action by filing a complaint. Five of the plaintiffs were dismissed from the case because they failed to file proper *in forma pauperis* forms. There are eight remaining plaintiffs - Steven Mable, Davon Hayes, Richard Hammonds, Thurston Simmons, Terrell Owens, Carrington Alan Keys, Nathaniel Hathorn and Lamont Bullock.

The defendants are: Jeffery A. Beard, the former Secretary of the Pennsylvania Department of Corrections; Jerome

Walsh[1], the Superintendent of the State Correctional Institution at Dallas (SCI-Dallas); Eric Sowga[2], a safety manager at SCI-Dallas; and Facility Maintenance Manager I[3] at SCI-Dallas.

The plaintiffs claim that the defendants are violating the Eighth Amendment by keeping lights on in the Restricted Housing Unit (RHU) of SCI-Dallas 24 hours a day. The plaintiffs allege the following in their complaint.

The plaintiffs are assigned to a cell in the RHU for 24 hours a day and a light is on 24 hours a day in the RHU. During the day (for a total of 18 hours) the lights are bright like the sun. Even at night, there is a night light and it is like living in the sunlight. The night light is approximately 64 to 74 watts. The plaintiffs have developed eye problems,

---

1. This defendant was identified in the complaint as John Doe - Superintendent at SCI-Dallas. Defense counsel subsequently entered an appearance on behalf of Superintendent Jerome Walsh.

2. This defendant was identified in the complaint as Safety Manager at SCI-Dallas. Defense counsel subsequently entered an appearance on behalf of Eric Sowga.

3. This defendant has not been identified by name. There is no indication on the record that this defendant has been served with the complaint and counsel has not entered an appearance for this defendant.

sleeping disorders, headaches and mental health problems due to lack of sleep.

The defendants use the 24-hour light as a means of punishment against the plaintiffs. There is no penological justification for keeping the lights on 24 hours a day and the defendants have an alternative to keeping the bright lights on.[4] The policy regarding the lights is an abuse of discretion and amounts to cruel and unusual punishment.

The plaintiffs have filed grievances concerning the lights but those grievances were arbitrarily denied in order to coverup the punishment and injury and to deny the plaintiffs an adequate resolution.

The plaintiffs are seeking injunctive relief as well as compensatory and punitive damages.[5]

---

4. The plaintiffs do not allege the nature of the alleged alternative.

5. The plaintiffs also request in their complaint that an attorney be appointed to represent them. The plaintiffs have also filed a motion for the appointment of counsel. That motion is addressed in a separate Order.

On October 5, 2010, defendant Beard filed a motion to dismiss the complaint and a brief in support of that motion. On October 22, 2010, the plaintiffs filed a brief in opposition to that motion. No reply brief has been filed.

On November 5, 2010, defendants Sowga and Walsh filed a motion to dismiss the complaint and a brief in support of that motion. On November 23, 2010, the plaintiffs filed a brief in opposition to that motion. No reply brief has been filed.

II. Motion to Dismiss and Pleading Standards.

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) challenges the legal sufficiency of the plaintiff's complaint. In deciding a motion to dismiss the complaint, we must accept all well-pleaded factual allegations as true, "construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *McTernan v. City of York,* 564 F.3d 636, 646 (3d Cir. 2009)(quoting *Phillips v. County of Allegheny,* 515 F.3d 224, 233 (3d Cir. 2008)).

4

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009). The statement required by Rule 8(a)(2) need only give the defendant fair notice of what the plaintiff's claim is and of the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Detailed factual allegations are not required. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, more is required than labels, conclusions and a formulaic recitation of the elements of a cause of action. *Id.* "In other words, a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside,* 578 F.3d 203, 211 (3d Cir. 2009). "A complaint has to "show" such an entitlement with its facts." *Id.* "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft, supra,* 129 S.Ct. at 1950. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft, supra,* 129 S.Ct. at 1949 (quoting *Twombly*, *supra,* 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Some claims will demand relatively more factual detail to satisfy this standard, while others require less." *In re Insurance Brokerage Antitrust Litigation,* 618 F.3d 300, 320 n.18 (3d Cir. 2010).

A complaint filed by a *pro se* litigant is to be liberally construed and "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson, supra,* 551 U.S. at 94 (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).

III. Discussion.

Defendants Beard, Sowga and Walsh assert that plaintiff Bullock is barred by the doctrine of collateral estoppel from pursuing the claim in this case because he previously pursued a similar claim in another case in this court - *Stewart v. Beard,* 3:07-CV-1916 (M.D.Pa.). In the *Stewart* case, the claim was that the 24-hour lighting in the RHU at the State Correctional Institution at Smithfield violated the Eighth Amendment. After a non-jury trial, Judge Caputo found that each cell in the RHU at SCI-Smithfield was illuminated 24 hours a day by nine watt, 600 lumen light bulbs that provided between one and two foot-candles of illumination, that the light was low intensity in nature, that the lighting while inconvenient to the inmate plaintiffs in that case did not result in sleep deprivation, blurry vision, headaches or psychological problems to the extent that any such condition required medical attention or treatment and that the inmate plaintiffs in that case could avoid the effects of the light by covering their eyes with a pillow, pillow case or the like. *Doc. 41* at 5. Judge Caputo concluded that the lighting addresses legitimate penological security concerns and is not a violation of the rights of the

inmate plaintiffs in that case under the Eighth Amendment. *Id.* at 6.

"Under the doctrine of collateral estoppel, 'once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation.'" *Howard Hess Dental Labs, Inc. v. Dentsply Intern., Inc.,* 602 F.3d 237, 247 (3d Cir. 2010)(quoting *Montana v. United States*, 440 U.S. 147, 153 (1979)). "The following four elements are required for the doctrine to apply: '(1) the identical issue was previously adjudicated; (2) the issue was actually litigated; (3) the previous determination was necessary to the decision; and (4) the party being precluded from relitigating the issue was fully represented in the prior action.'" *Id.* at 247-48 (quoting *Szehinskyj v. Atty. Gen. of the United States*, 432 F.3d 253, 255 (3d Cir. 2005)). Other factors also considered in deciding whether to apply collateral estoppel are whether the party to be precluded had a full and fair opportunity to litigate the issue in question in the prior action and whether the issue was determined by a final and valid judgment. *Jean Alexander*

8

*Cosmetics, Inc. v. L'Oreal USA, Inc.,* 458 F.3d 244, 249 (3d Cir. 2006).

This case concerns the lighting in the RHU at SCI-Dallas. The *Stewart* case concerned the lighting in the RHU at SCI-Smithfield. In this case, the plaintiffs allege that at night it is like living in the sunlight, that the night light is approximately 64 to 74 watts and that the plaintiffs have developed eye problems, sleeping disorders, headaches and mental health problems due to lack of sleep. In the *Stewart* case the light was low intensity in nature and did not cause the inmate plaintiffs in that case problems requiring medical attention or treatment. Given these differences, we can not conclude that the issues in this case are identical to the issues in the *Stewart* case. Accordingly, we conclude that collateral estoppel does not bar plaintiff Bullock's claim.

Defendants Beard, Sowga and Walsh contend that the complaint fails to state a claim upon which relief may be granted because 24-hour security lighting does not violate the Eighth Amendment.

9

The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Unnecessary and wanton inflictions of pain include those that are totally without penological justification. *Hope v. Pelzer*, 536 U.S. 730, 737 (2002).

Eighth Amendment claims involve a two prong analysis and must satisfy both an objective component and a subjective component. *Young v. Quinlan*, 960 F.2d 351, 359-60 (3d Cir. 1992). As to the objective component, the Eighth Amendment is violated only when an inmate is deprived of "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). As to the subjective component, the question is whether the prison official acted with deliberate indifference to the inmate's health or safety. *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). Deliberate indifference is a subjective standard. *Farmer v. Brennan*, 511 U.S. 825, 840 (1994). "[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of

serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847.

"Requiring inmates to live in constant illumination, under certain circumstances, may rise to the level of an Eighth Amendment violation." *Brown v. Martinez,* 3:CV-03-2392, 2007 WL 2225842 at *8 (M.D.Pa. July 31, 2007)(citing *Bacon v. Miner,* 229 Fed.Appx. 96 (3d Cir. April 19, 2007)). "However, continuous exposure to low wattage night time security lighting may be permissible based on legitimate penological interests, such as prison security concerns." *Id.*

The defendants assert that the RHU security lighting is minimal and poses no harm or danger to the plaintiffs. However, the plaintiffs allege that even at night it is like living in the sunlight, that the night light is approximately 64 to 74 watts and that they have developed eye problems, sleeping disorders, headaches and mental health problems due to lack of sleep. Accepting the plaintiffs' allegations as true, as we must in connection with a motion to dismiss, we conclude that the plaintiffs have alleged facts from which it can be plausibly inferred that the lighting in the RHU at SCI-Dallas

11

was sufficiently bright and caused sufficiently serious problems such that the objective element of an Eighth Amendment claim is satisfied.

Nevertheless, we conclude that the complaint fails to state a claim upon which relief can be granted against defendants Beard, Sowga and Walsh. Defendants Beard, Sowga and Walsh contend that the complaint does not contain allegations that they were personally involved in the alleged violation of the plaintiffs' rights.

"Liability may not be imposed under § 1983 on the principle of *respondeat superior.*" *Hetzel v. Swartz*, 909 F.Supp. 261, 264 (M.D. Pa. 1995). "Liability based on *respondeat superior* arises 'solely on the basis of the existence of an employer-employee relationship,' regardless of whether the employer had any part in causing harm." *Santiago v. Warminster Twp.*, __F.3d __, __ , 2010 WL 5071779 at * 4 (3d Cir. 2010)(quoting *Monell v. Dep't of Soc. Services of New York,* 436 U.S. 658, 692 (1978)). "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the

12

official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1948 (2009).

There are two viable theories of supervisory liability. *Santiago, supra,* __F.3d at __, 2010 WL 5071779 at *4 n.5. First, a supervisor can be liable if he or she with deliberate indifference to the consequences established and maintained a policy, practice or custom which directly caused the constitutional harm. *A.M. v. Luzerne County Juvenile Det. Ctr.,* 372 F.3d 572, 586 (3d Cir. 2004). Second, a supervisor can be liable if he or she participated in violating the plaintiff's rights, directed others to violate the plaintiff's rights or as the person in charge had knowledge of and acquiesced in his or her subordinates' violations of the plaintiff's rights. *Santiago, supra,* __F.3d at __, 2010 WL 5071779 at *4 n.5.

Although the plaintiffs assert in their briefs that the defendants were policy makers with respect to the 24-hour lighting, no such allegations appear in the complaint. Moreover, the plaintiffs have not alleged that the defendants were aware that the 24-hour lighting policy caused the plaintiffs serious harm or caused them to face a substantial risk of serious harm. Accordingly, the complaint fails to

13

state an Eighth Amendment claim upon which relief can be granted against defendants Beard, Sowga and Walsh for damages.

In addition to damages, the plaintiffs seek injunctive relief. The plaintiffs, however, have not alleged that defendants Beard, Sowga and Walsh have authority to change any policy regarding the lights in the RHU at SCI-Dallas.[6]

"[I]f a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. County of Allegheny,* 515 F.3d 224, 245 (3d Cir. 2008). The court "must provide the plaintiff with this

---

6. We note that defendant Beard is no longer the Secretary of the Pennsylvania Department of Corrections. The plaintiffs do not indicate whether they sued defendant Beard (or any of the other defendants) in his personal capacity or in his official capacity. If defendant Beard was sued in his official capacity, then pursuant to Fed.R.Civ.P. 25(d), defendant Beard's successor should be substituted for defendant Beard. We note, however, that "[b]ecause the real party in interest in an official-capacity suit is the governmental entity and not the named official, 'the entity's 'policy or custom' must have played a part in the violation of federal law.'" *Hafer v. Melo,* 502 U.S. 21, 25 (1991)(quoting *Kentucky v. Graham,* 473 U.S. 159, 166 (1985)). As to defendant Walsh and Sowga, if the lighting in the RHU at SCI-Dallas was implemented pursuant to a state-wide policy, it is not clear that these defendants would have the authority to change any such policy.

14

opportunity even if the plaintiff does not seek leave to amend." *Id.*

We can not say that amendment would be inequitable or futile in this case. Thus, we will recommend that the plaintiffs be granted leave to file an amended complaint to attempt, if appropriate[7], to state a claim upon which relief can be granted. Any amended complaint shall be complete in all respects. It shall contain all of the plaintiffs' claims against all of the defendants. It shall be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed. It shall not incorporate by reference any part of the previous complaint. Any amended complaint shall be titled as an amended complaint and shall contain the docket number of this case.

IV. Recommendations.

---

7. We note that Fed.R.Civ.P. 11 requires *inter alia* that allegations in a pleading "have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation." Sanctions may be imposed for violations of Rule 11.

Based on the foregoing, it is recommended that the motions (docs. 39 & 51) to dismiss the complaint filed by defendants Beard, Sowga and Walsh be granted, that the plaintiffs be granted leave to file an amended complaint and that the case be remanded to the undersigned for further proceedings.

                                    ***/s/ J. Andrew Smyser***
                                    J. Andrew Smyser
                                    Magistrate Judge

Dated: January 27, 2011.